UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DR. ENRICO BONDI, Extraordinary Commissioner of Parmalat Finanziaria S.p.A., Parmalat S.p.A., and other affiliated entities, in Extraordinary Administration under the laws of Italy, | )<br>)<br>)<br>)<br>) |
| Plaintiff, | )  Case No. 04-cv-6031<br>) |
| v. | )  Judge John W. Darrah<br>) |
| GRANT THORNTON INTERNATIONAL, an Illinois corporation; GRANT THORNTON LLP, an Illinois Limited Liability Partnership; GRANT THORNTON S.p.A., now known as "Italaudit, S.p.A.," a Societá per Azioni under the laws of Italy; DELOITTE TOUCHE TOHMATSU, a Swiss Verein (association); DELOITTE & TOUCHE USA LLP, a Delaware Limited Liability Partnership; DELOITTE & TOUCHE LLP, a Delaware Limited Liability Partnership; and DELOITTE & TOUCHE S.p.A., a Societá per Azioni under the laws of Italy, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

This case has a long and somewhat complicated procedural history, as more fully discussed below. It originated in the Circuit Court of Cook County, Illinois, and was removed to the Northern District of Illinois in 2004. Shortly thereafter, the case was transferred, pursuant to the order of the Judicial Panel on Multidistrict Litigation, to the Court of the Southern District of New York ("S.D.N.Y."). After a prolonged period of litigation in the S.D.N.Y., this action (as well as related action, *Parmalat Capital Finance Limited v. Grant Thornton International*, Case

No. 06-cv-47) was then remanded back to this District on February 21, 2012, by order of the Second Circuit Court of Appeals, "so that [these cases] can be remanded to Illinois state court." *Parmalat Capital Finance Ltd. v. Bank of America*, 671 F.3d 261, 271 (2d Cir. 2012) (*Parmalat IV*). Despite this order, Defendants Grant Thornton International and Grant Thornton LLP (collectively, "Grant Thornton") now move this Court to retain jurisdiction over the action and enter final judgment. (Defs.' Mem. at 2.) Plaintiff Dr. Enrico Bondi opposes Defendants' motion. This motion is fully briefed and ripe for ruling.[1]

## BACKGROUND

This case arose from the financial collapse of an Italian company, Parmalat Finanziaria, S.p.A., and its subsidiaries in 2004. *Parmalat Capital Finance Ltd. v. Bank of America Corp.*, 639 F.3d 572, 576 (2d. Cir. 2011) (*Parmalat II*). The company and its subsidiaries instituted bankruptcy and reorganization proceedings in Italy, and Dr. Enrico Bondi was appointed by the Italian Government "to serve as Extraordinary Commissioner of these bankruptcy proceedings in a role analogous to a Chapter 11 Trustee." *Id.* In 2004, Bondi and Parmalat Capital Finance Limited ("PCFL") initiated bankruptcy proceedings in the S.D.N.Y., pursuant to former statute 11 U.S.C. § 304, which permitted for foreign bankruptcy estates to enjoin litigation against them in American courts and seek bankruptcy court orders regarding the turnover of property. *Parmalat II*, 639 F.3d at 576.[2]

---

[1] The parties acknowledged in the related case, *Parmalat Capital Finance Limited v. Grant Thornton International*, Case No. 06-cv-47, that Defendants seek to have jurisdiction retained there on the same grounds and adopted the motion filed in this action. Hence, the ruling of this opinion also applies to the Motion to Retain Jurisdiction filed in Case No. 06-cv-47.

[2] As the Second Circuit noted, Section 304 was repealed, but remains applicable to the *Bondi* and *PCFL* actions. *Parmalat II*, 639 F.3d at 576 n.2.

In August 2004, Bondi sued Grant Thornton in the Circuit Court of Cook County, Illinois, alleging state law claims of professional malpractice, fraud, negligent misrepresentation, conversion, unjust enrichment, and civil conspiracy. Grant Thornton removed the action to the Northern District of Illinois, pursuant to 28 U.S.C. §§ 1334(b) and 1452(m), arguing the action was related to the bankruptcy proceeding initiated by Bondi in the S.D.N.Y. Bondi filed a motion to remand to state court; however, before that motion was decided by this Court, the Judicial Panel on Multidistrict Litigation transferred this case to the S.D.N.Y. There, District Court Judge Kaplan denied Bondi's motion to remand, finding that the court had jurisdiction to hear the case and that abstention was not mandatory. *Parmalat II*, 639 F.3d at 577. "Following discovery, the [S.D.N.Y.] entertained a series of motions to dismiss the complaints or to grant judgment in favor of defendants. Ultimately, the court resolved the cases in final judgments for defendants, dismissing the matters on grounds not relevant here." *Id.* at 578. (The district court granted summary judgment for Defendants. *See In re Parmalat Securities Litigation*, 659 F. Supp. 2d 504, 532 (S.D.N.Y. 2009) (*Parmalat I*).)

Bondi and PCFL appealed the district court's exercise of jurisdiction, arguing before the Second Circuit that the S.D.N.Y. should have abstained from hearing the action, pursuant to 28 U.S.C. § 1334(c)(2), which provides in pertinent part, "the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction." The Second Circuit identified a four-part test to determine if abstention was necessary and remanded the case back to the S.D.N.Y. to make that determination. *Parmalat II*, 639 F.3d at 578. On remand, the S.D.N.Y. concluded it was not obligated to abstain from the *Bondi* and *PCFL* actions under 28 U.S.C. § 1334(c)(2). *See In re*

3

*Parmalat Securities Litigation*, No. 04 MD 1653, 2011 WL 3874824, at *5 (S.D.N.Y. Aug. 31, 2011) (*Parmalat III*).

Bondi and PCFL again appealed this decision, arguing the law required mandatory abstention. *Parmalat IV*, 671 F.3d at 266. In *Parmalat II*, the Second Circuit reviewed the S.D.N.Y. decision in terms of the four-part test to determine if proceedings could be "timely adjudicated" in state court, relying on a case from this District. *See Parmalat II*, 639 F.3d at 580 (citing *In re Georgou*, 157 B.R. 847, 851 (N.D. Ill. 1993)). The four factors include: "(1) the backlog of the state court's calendar relative to the federal court's calendar; (2) the complexity of the issues presented and the respective expertise of each forum; (3) the status of the title 11 bankruptcy proceeding to which the state law claims are related; and (4) whether the state court proceeding would prolong the administration or liquidation of the estate." *Parmalat II*, 639 F.3d at 580 (citing *In re Georgou*, 157 B.R. 847, 851 (N.D. Ill. 1993)). As mentioned above, the S.D.N.Y., after considering these factors, had concluded the mandatory abstention under Section 1334(c)(2) was inapplicable to the *Bondi* and *PCFL* actions. However, the Second Circuit, reviewing the S.D.N.Y.'s decision *de novo*, disagreed. *Parmalat IV*, 671 F.3d at 269.

After consideration of each of the four factors regarding abstention, the Second Circuit found that abstention was mandatory.

> While some additional time will be expended by remanding these cases, that delay does not outweigh the substantial factors that militate in favor of abstention, namely the complexity of the state law issues, the deference owed to state courts in deciding state law issues where possible, and the minimal effect of the state cases on the federal bankruptcy action and on the administration of the underlying estates.

*Id.* at 269.

The Second Circuit first compared the relative backlog of the state court's calendar to the federal court's calendar and agreed with the S.D.N.Y. that the factor tipped "in favor of denying abstention" but noted that the inquiry is not completed simply because a case might be more quickly adjudicated in one court or another. *Id.* at 267.

The Second Circuit found the second factor favored abstention, as discussed below.

The Second Circuit found that the third factor, the status of the Chapter 11 proceeding to which the state law claims relate, also favored abstention, finding that the *Bondi* and *PCFL* actions "can be timely adjudicated in state court without affecting the federal interest in 'related-to' jurisdiction." *Parmalat IV*, 671 F.3d at 268.

As to the fourth factor, "whether the state court proceeding would prolong the administration or liquidation of the estate", the Second Circuit found it also favored abstention. *Id.* at 268 (quoting *Parmalat II*, 639 F.3d at 580). The pendency of the Illinois cases would have no impact on the reorganization or liquidation of the debtors. *Parmalat IV*, 671 F.3d at 268.

However, it is the application of the second factor of the abstention test by the Second Circuit that presents the issue raised by Grant Thornton here. The second factor, the complexity of the issues and relative expertise of the respective courts, was found by the Second Circuit to favor abstention, because "[r]emand will allow the state courts of Illinois to speak directly on these issues of state law." *Id.* at 268. Specifically, the Second Circuit noted in its opinion that as to one of the issues of state law involving the defense of *in pari delicto*, "basic questions regarding *in pari delicto* under Illinois law are unsettled." *Parmalat IV*, 671 F.3d at 267. In support of this conclusion, the Second Circuit relied upon *Peterson v. McGladrey & Pullen, LLP*, Case No. 10 C 274, 2010 WL 4435543 (N.D. Ill. Nov. 3, 2010). *Id.*

5

The Second Circuit specifically quoted from the *Peterson* district court opinion: "there is no controlling authority in the Seventh Circuit or Illinois on whether the defense of in pari delicto is available against a bankruptcy trustee." *Parmalat IV*, 671 F.3d at 267 (quoting *Peterson v. McGladrey & Pullen, LLP*, Case No. 10 C 274, 2010 WL 4435543, at *2-*3 (N.D. Ill. Nov. 3, 2010)). However, shortly after the Second Circuit opinion was issued, the Seventh Circuit reversed the district court in *Peterson*, in an opinion clearly stating Illinois law on the subject of *in pari delicto*, holding that "a person sued by a trustee in bankruptcy may assert the defense of *in pari delicto* . . . ." *Peterson v. McGladrey & Pullens, LLP*, 676 F.3d 594, 599 (7th Cir. 2012) (*Peterson*).[3]

The Second Circuit, without the benefit of this Seventh Circuit opinion, concluded that the *Bondi* and *PCFL* cases must be remanded to the S.D.N.Y. "with instructions to transfer them to the Northern District of Illinois so that they can be remanded to Illinois state court." *Id.* at 271. The Circuit Court further explained that the appropriate court to remand a case to state court is the court to which the action was removed and determined that "only the District Court for the Northern District of Illinois has the authority to remand the actions back to the Illinois state court. Thus, on remand, the [S.D.N.Y.] should transfer the actions to the [Northern District

---

[3] Bondi argues the Second Circuit had considered and rejected the subsequent holding in the Seventh Circuit's *Peterson* opinion. (Pls.' Resp. at 9.) This is not supported by the procedural history, as the *Peterson* opinion was issued *after* the Second Circuit issued its final order regarding the abstention and remand. The *Peterson* opinion was submitted as supplemental authority to the Second Circuit, which declined Defendants' petition for rehearing. "[B]ecause a summary denial of a petition for rehearing does not explain the bases for the denial, it is insufficient to confer any implication or inference regarding a court's opinion relative to the merits of a case." *Moore v. Anderson*, 222 F.3d 280, 284 (7th Cir. 2000) (quotations omitted).

6

of Illinois], which can then remand the actions to Illinois state court." *Id.* at 271 n.5 (citing 28 U.S.C. § 1452(b)).

## LEGAL STANDARD

28 U.S.C. § 1334 governs jurisdiction in bankruptcy cases, as well as related state law claims, and provides:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, *the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction*.

28 U.S.C. § 1334(c)(2) (emphasis added). The statute further states that the decision of a court to abstain from hearing a state law claim "is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title." 28 U.S.C. § 1334(d).

## ANALYSIS

This Court has been directed by the Second Circuit, upon receipt of the *Bondi* and *PCFL* cases, to remand the cases to the appropriate Illinois state court. *Parmalat IV*, 671 F.3d at 271. Despite that, Grant Thornton asks this Court to retain jurisdiction over the cases, instead of remanding the cases to the Illinois state court where they originated, as directed by a higher court. To retain jurisdiction, Grant Thornton reasons, would be to accept a legal fiction, whereby this Court treats the defense of *in pari delicto* as unsettled after the Seventh Circuit has determined Illinois law as to that defense *is* settled. The resolution of the issue before this Court presents somewhat of a dilemma: follow the express direction of a higher court to remand the case to state court even though the direction was based on a material, intervening change in the

7

law or disregard the higher court's direction to achieve a resolution consistent with present Illinois law.

Retaining federal jurisdiction in this Court is supported by a specific qualification of the law of the case doctrine. "This doctrine advises against revisiting earlier rulings 'absent a compelling reason, such as manifest error or a change in the law.'" *Toliver v. Pollard*, 688 F.3d 853, 861 (7th Cir. 2012) (*Toliver*) (quoting *Minch v. City of Chicago*, 486 F.3d 294, 301 (7th Cir. 2007)). Grant Thornton concedes that the prior rulings in these cases should be respected but argues that since the Second Circuit's decision in *Parmalat IV*, an intervening change in the law has occurred (the Seventh Circuit's ruling in *Peterson*), warranting a departure from *Parmalat IV*.

In *Peterson*, as mentioned above, the Seventh Circuit addressed the defense of *in pari delicto*, "the idea that, when the plaintiff is as culpable as the defendant, if not more so, the law will let the losses rest where they fell." *Peterson*, 676 F.3d at 596. This Seventh Circuit opinion reversed the district court ruling which the Second Circuit specifically relied upon in its abstention analysis. *See Parmalat IV*, 671 F.3d at 267. The Seventh Circuit held that Illinois law permits such a defense, stating, "We therefore agree with the conclusion of every other court of appeals that has addressed this subject and hold that a person sued by a trustee in bankruptcy may assert the defense of *in pari delicto,* if the jurisdiction whose law creates the claim permits such a defense outside of bankruptcy." *Peterson*, 676 F.3d at 598-99. Grant Thornton argues the *Peterson* opinion puts to rest an issue it characterized as "critical to the outcome of the appeal in *Parmalat IV*" – the Second Circuit's conclusion that the application of *in pari delicto* was unsettled Illinois law. (Defs.' Mem. at 8.) This argument is persuasive; the Second Circuit's

holding that the *in pari delicto* defense was unsettled under Illinois law is no longer a correct statement of the law in light of the Seventh Circuit *Peterson* decision.

Notably, although not raised by the parties, the Second Circuit in *Parmalat IV* refers to another related case regarding the issue of the S.D.N.Y.'s denial of abstention and remand to a North Carolina state court. *See Parmalat Capital Finance Ltd. v. Bank of America Corp.*, 412 Fed. App'x 325, 327-28 (2d Cir. 2011). There, the Second Circuit affirmed the S.D.N.Y.'s denial of abstention and, in applying part two of the four-part test, specifically considered the *in pari delicto* defense, finding that it *was settled law* in the state of North Carolina, and available against the Trustee in a related Parmalat action, based on North Carolina law. *Id.* "North Carolina law . . . makes no exception to the *in pari delicto* doctrine for a trustee." *Id.* This further supports Grant Thornton's contention that had the Second Circuit been aware of the recent intervening Seventh Circuit *Peterson* decision clarifying Illinois law in this regard, the Second Circuit would have held abstention and remand unnecessary in this case as well, as it did in the North Carolina case. Therefore, in applying the Second Circuit four-factor test with the clarification of Illinois law by the Seventh Circuit and its application to the second factor, abstention is inappropriate pursuant to 28 U.S.C. § 1342(c)(2).

Bondi argues that this Court lacks the authority to retain jurisdiction over the cases based on the express language of the Second Circuit mandate in *Parmalat IV* but cites no authority in support of this argument. However, contrary to Bondi's argument, Section 1334(d) only provides that any decision to abstain "is not reviewable by appeal or otherwise by the court of appeals . . . or by the Supreme Court of the United States . . . ." 28 U.S.C. § 1334(d). Therefore, the express language of the statute bars only a court of appeals or the Supreme Court from reviewing an abstention decision, *not* a district court. Moreover, the decision by this Court on

9

the issue of abstention and the summary judgment rulings by the S.D.N.Y. can be reviewed only if jurisdiction is retained and final judgment is entered by this Court.

For the foregoing reasons, this Court must respectfully decline to remand the cases to the Illinois state courts. These cases have remained unresolved for nearly ten years, and it is unlikely that a remand back to state court will result in more timely dispositions of the cases. In *Parmalat I*, the S.D.N.Y. granted summary judgment in favor of Defendants, finding that the *in pari delicto* defense was applicable to Defendants and that "Plaintiffs . . . failed to raise a genuine issue of material fact for their contention that [Plaintiffs] acted adversely to their principals with respect to the events that form the basis of plaintiffs' claims." *Parmalat I*, 659 F. Supp. 2d at 532. Under the law of the case doctrine, the entry of summary judgment in favor of Defendants should be respected. *Toliver*, 688 F.3d at 861.[4] Therefore, the Court retains jurisdiction over the *Bondi* and *PCFL* actions and enters summary judgment in favor Defendants, for the reasons provided in *Parmalat I*, 659 F. Supp. 2d at 532.

---

[4] The Second Circuit noted "[f]ollowing discovery, the District Court issued a detailed and thoughtful opinion granting summary judgment to the defendants." *Parmalat IV*, 671 F.3d at 266 (citing *Parmalat I*, 659 F. Supp. 2d 504).

## CONCLUSION

In light of the foregoing analysis, Grant Thornton's motion to retain jurisdiction and enter judgment is granted, and the Clerk of the Court is directed to enter final judgment in this case and the related case, *Parmalat Capital Finance Limited v. Grant Thornton International*, Case No. 06-cv-47, forthwith.

Date: April 9, 2013

JOHN W. DARRAH
United States District Court Judge