Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04-cv-6031 | **DATE** | 6/26/13 |
| **CASE TITLE** | Bondi v. Grant Thornton International | | |

**DOCKET ENTRY TEXT**

Plaintiff Enrico Bondi moves to certify judgment pursuant to Fed. R. Civ. P. 54(b). For the reasons provided below, Plaintiff's motion [102] is granted, and the clerk is directed to enter an Amended Judgment Order, indicating that final judgment is entered in favor of Defendants Grant Thornton International and Grant Thornton LLP, pursuant to Fed. R. Civ. P. 54(b). See statement below.

■[ For further details see text below.]                                                                 Docketing to mail notices.

# STATEMENT

    A more detailed discussion of the complicated history of this case is stated in the Court's Memorandum Opinion and Order issued on April 9, 2013. A summary is useful here. In August 2004, Plaintiff sued Defendants in the Circuit Court of Cook County, Illinois. Defendants removed the case to the Northern District of Illinois; this removal was opposed by Plaintiff. However, before Plaintiff's motion for remand was ruled upon, the Judicial Panel of Multidistrict Litigation transferred the case, and a related case, *Parmalat Capital Finance Limited v. Grant Thornton International* ("*PCFL*"), Case No. 06 C 47, to the Southern District of New York ("S.D.N.Y."). The S.D.N.Y. denied Plaintiff's motion for remand, determining it had jurisdiction to hear the matter, and that abstention was not mandatory pursuant to 28 U.S.C. § 1334(c)(2). *Parmalat Capital Finance Ltd. v. Bank of America Corp.*, 639 F.3d 572, 577 (2d Cir. 2011) (*Parmalat II*).

    The three Grant Thornton Defendants named in this case are Grant Thornton International ("GTI"), Grant Thornton LLP ("GT-US"), and Grant Thornton S.p.A. ("GT-Italy"). "In June 2006, the [S.D.N.Y.] entered a default judgment against GT-Italy on the issue of liability, as it neither answered the [First Amended Complaint] nor moved to dismiss either of [Plaintiff]'s complaints. GTI and GT-US [moved] for summary judgment dismissing the complaint on the ground that [Plaintiff] is *in pari delicto* with GT-Italy. A determination in their favor on that basis would moot the question whether they are liable vicariously for misconduct by GT-Italy." *In re Parmalat Securities Litigation*, 659 F. Supp. 2d 504, 514 (S.D.N.Y. 2009) (*Parmalat I*). The S.D.N.Y. granted summary judgment in favor of GTI and GT-US on the issue of their *in pari delicto* defense. *Id.* at 532.

    Plaintiff appealed the S.D.N.Y.'s exercise of jurisdiction to the Second Circuit, which remanded the case back to the District Court, in order for the S.D.N.Y. to make a determination as to whether or not it should abstain from hearing the proceedings, under 28 U.S.C. § 1334(c)(2). *Parmalat II*, 639 F.3d at 582. On

remand, the S.D.N.Y. concluded it was not obligated to abstain from hearing this or the related *PCFL* action. *See In re Parmalat Securities Litigation*, No. 04 MDL 1653, 2011 WL 3874824, at *5 (S.D.N.Y. Aug. 31, 2011).

Plaintiff appealed *that* decision to the Second Circuit, arguing the law required the S.D.N.Y. to abstain from hearing the case. The Second Circuit held that abstention was necessary, in part because "basic questions regarding *in pari delicto* under Illinois law are unsettled." *Parmalat Capital Finance Ltd. v. Bank of America Corp.*, 671 F.3d 261, 267 (2d Cir. 2012) (*Parmalat IV*). In making this determination, the Second Circuit relied upon a Northern District of Illinois case, *Peterson v. McGladrey & Pullen, LLP*, Case No. 10 C 274, 2010 WL 4435543 (N.D. Ill. Nov. 3, 2010). The district court in *Peterson* found that there was no controlling authority as to whether or not the *in pari delicto* defense was available against a bankruptcy trustee in Illinois. *Id.* at *2-*3. Relying in part on this district court case, the Second Circuit remanded this case and the *PCFL* action to the S.D.N.Y. "with instructions that the cases be transferred to the Northern District of Illinois and remanded to Illinois state court." *Parmalat IV*, 671 F.3d at 264.

However, the Second Circuit ordered this remand to state court without the benefit of the Seventh Circuit opinion in *Peterson*, which reversed the Northern District of Illinois court and stated that under Illinois law, the *in pari delicto* defense may be asserted against a bankruptcy trustee. *Peterson v. McGladrey & Pullen, LLP*, 676 F.3d 594, 599 (7th Cir. 2012). This Court, acknowledging the intervening change in law, upon receiving the *Bondi* and *PCFL* cases back from the S.D.N.Y., granted Defendants' Motion to Retain Jurisdiction and entered judgment in favor of GTI and GT-US, consistent with the reasons provided in the S.D.N.Y.'s opinion in *Parmalat I*, 659 F. Supp. 2d at 532. *Bondi v. Grant Thornton International*, Case No. 04 C 6031, 2013 WL 1459895, at *5 (N.D. Ill. April 9, 2013). Thereafter, Plaintiff moved to transfer this action and the *PCFL* action back to the S.D.N.Y., pursuant to 28 U.S.C. § 1404; this motion to transfer was denied on May 7, 2013. *Parmalat Capital Finance Ltd. v. Grant Thornton International*, Case No. 06-cv-47, 2013 WL 1943260 (N.D. Ill. May 7, 2013).

Currently pending is Plaintiff's Motion to Certify Judgment under Fed. R. Civ. P. 54(b). Here, Plaintiff seeks an entry of judgment *only* in favor of Defendants GTI and GT-US, without further proceedings in this Court as to the remaining Defendant, GT-Italy. To date, no one has entered an appearance on behalf of GT-Italy in this case or in the *PCFL* action. Plaintiff Bondi moved for default judgment against GT-Italy, but PCFL has not moved for default judgment against GT-Italy. *Parmalat I*, 659 F. Supp. 2d at 514 n.58. The S.D.N.Y., as stated above, entered a default judgment against GT-Italy on the issue of liability in June 2006 in favor of Plaintiff Bondi. *Parmalat I*, 659 F. Supp. 2d at 514. Default against GT-Italy was entered only on the issue of liability, "with damages to be determined at a later date." (Mem. in Support of Mot. At 3; Dkt. No. 96, Ex. A.) Therefore, Plaintiff reasons, judgment is not final as to GT-Italy, and in order to properly appeal the final judgment entered in favor of GTI and GT-US, Plaintiff requires certification of final judgment as to those two parties under Fed. R. Civ. P. 54(b).

Federal Rule of Civil Procedure 54(b) provides that ". . . when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, . . . parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." To determine if Rule 54(b) certification is appropriate in this case, two determinations must be made: first, a court must determine if judgment is final; then, the court must decide if there is any just reason to delay the appeal. *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 7-8 (1980).

In conducting this first step, "[a] district court must . . . determine that it is dealing with a 'final judgment.' It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss-Wright Corp.*, 446 U.S. at 7 (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)). It is clear, and Plaintiff, GT-US and GTI agree, that a final judgment was entered as to the claims brought by Plaintiff against GT-US and GTI. GTI and GT-US were granted summary judgment in *Parmalat I*, where the S.D.N.Y. held that the *in pari delicto* defense was available to GTI and GT-US and that "Plaintiffs . . . failed to raise a genuine issue of material fact for their contention that [Plaintiffs] acted adversely to their principals with respect to the events that form the basis of plaintiffs' claims." *Parmalat I*, 659 F. Supp. 2d at 532. After determining that the defense of *in pari delicto* was settled Illinois law, based on the Seventh Circuit's opinion in *Peterson*, this Court held that "[u]nder the law of the case doctrine, the entry of summary judgment in favor of Defendants should be respected." *Bondi v. Grant Thornton International*, Case No. 04 C 6031, 2013 WL 1459895, at *5 (N.D. Ill. April 9, 2013). Accordingly, final judgment was entered as to the claims brought against GTI and GT-US.

However, GTI and GT-US disagree with Plaintiff on the issue of whether or not final judgment was entered on Plaintiff's claims against GT-Italy. The Judgment issued by this Court (Dkt. No. 86) incorrectly stated that final judgment was entered on the case, rather than only on the claims against GTI and GT-US. Because no mention of GT-Italy was raised during the parties' previous briefing, the Court was unaware that the only unresolved claims remaining were against GTI and GT-US.

The opposition by GTI and GT-US to Plaintiff's motion for Rule 54(b) certification is unfounded; GTI and GT-US have been awarded final judgment, and the claims against them have been dismissed. In contrast, GT-Italy has yet to enter an appearance in this case, and, as mentioned above, default judgment was entered only as to GT-Italy's liability on June 6, 2006 by the S.D. N.Y., with damages to be determined at a later date. Damages have not yet been determined as to GT-Italy.

To support their contention that Rule 54(b) certification is improper here, GTI and GT-US rely on the United States Supreme Court decision, *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552 (1872). In *Frow*, the plaintiff, De La Vega, sued "eight defendants with a 'joint conspiracy' to defraud him of a piece of real property." *Marshall & Isley Trust Co. v. Pate*, 819 F.2d 806, 811 (1987). One of the defendants, Frow, had a default judgment entered against him, though, thereafter, the case was decided on the merits against the plaintiff, De La Vega. *Id.* Frow appealed the default judgment against him, and the Supreme Court ruled in favor of Frow, seeking to avoid the incongruity created by such a result, and holding that "if the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike-the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all." *Frow*, 82 U.S. at 554. Since this nineteenth century ruling by the Supreme Court, the Seventh Circuit has "narrowly [read] the restriction on inconsistent judgments established in *Frow*." *Marshall & Isley*, 819 F.2d at 812 (citing *In re Uranium Antitrust Litigation*, 617 F.2d 1248 (7th Cir. 1980)). "[W]hen different results as to different parties are not logically inconsistent or contradictory, the rationale for the *Frow* rule is lacking. Such [as in] this case involving joint and several liability." *In re Uranium Antitrust Litigation*, 617 F.2d 1248, 1257-58. The Seventh Circuit views "*Frow* as limited to exclusively joint liability claims or situations where there is a single res in controversy." *Id.* at 1257 n.40. Accordingly, the limited applicability of *Frow* is not at issue in this case. Moreover, as noted by Plaintiff, in *Frow*, it was the *defaulting* defendant who appealed the order issued against him, not the non-defaulting defendants. *Frow*, 82 U.S. at 552. Here, GT-Italy has not challenged the order; instead, it is challenged by GTI and GT-US, the non-defaulting defendants, which have already received judgment in their favor and have been dismissed from this case. Here, GTI and GT-US seek to assert rights on behalf of GT-Italy without any demonstrated

| STATEMENT |
|---|

standing to do so.

Finally, a final judgment was entered in favor of GTI and GT-US on the basis of the *in pari delicto* defense, which is an affirmative defense. Under Fed. R. Civ. P. 8(c)(1), any affirmative defense must be stated in a responsive pleading. GT-Italy, as a defaulting defendant, has not filed any responsive pleadings and, therefore, is not automatically entitled to the *in pari delicto* defense asserted by GTI and GT-US. The judgment entered in this case on April 9, 2013, was final only with regards to GTI and GT-US.

The final consideration in determining if Rule 54(b) certification is appropriate is whether or not there is any just reason to delay the interlocutory appeal, taking into account both judicial administrative interests and equity. *Curtiss-Wright*, 446 U.S. at 8. As this litigation marches into its ninth year, it would not be equitable, nor in the interest of judicial economy, to place the issue of GTI and GT-US's final judgment on hold in order to resolve the issue of damages as to GT-Italy, a defaulting co-defendant. It is unlikely that this interlocutory appeal will result in duplicative appellate review, as the issues raised by Plaintiff's appeal are separate and distinct from the outstanding issue of damages to be determined against the remaining defendant, GT-Italy.

Consequently, Plaintiff's Motion to Certify Judgment pursuant to Fed. R. Civ. P. 54(b) is granted, and the clerk is directed to enter an Amended Judgment Order, indicating that final judgment is entered in favor of Defendants Grant Thornton International and Grant Thornton LLP, pursuant to Fed. R. Civ. P. 54(b).